**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**AKISHA MCCARTER,**

Plaintiff,

v.

**ZIYAR EXPRESS, INC., et al.,**

Defendants.

CASE NO. 3:21 CV 2390

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Currently pending before the Court are Plaintiff Akisha McCarter's Motions for Reconsideration (Doc. 141) and for Leave to File Second Amended Complaint (Doc. 142). Defendant Universal Logistics Holdings, Inc. ("Universal") opposes both (Doc. 149), and Plaintiff replies (Doc. 150).[1] Jurisdiction is proper under 28 U.S.C. § 1332. For the reasons set forth below, the Court grants both Motions.

## BACKGROUND

This case arises out of an October 15, 2021, motor vehicle accident. *See* Doc. 26 (Amended Complaint). Plaintiff originally brought suit against Ziyar Express, Inc.; Hakim Niazi; P.A.M. Transport, Inc.; P.A.M. Transportation Services, Inc.; Universal Logistics Holdings, Inc.; CenTra, Inc.; and Matthew Moroun. *Id.*

1. Plaintiff's Motions also seek to reinstate and amend claims against Defendants P.A.M. Transport, Inc. and P.A.M. Transportation Services, Inc. (together, "P.A.M. Defendants"). *See* Docs. 141, 142. These Defendants have not opposed either motion.

Following briefing, on January 10, 2023, the Court granted Motions to Dismiss by, *inter alia*, Universal and the P.A.M. Defendants. *See* Doc. 53.[2] Specifically, the Court first found Plaintiff's claims against the P.A.M. Defendants preempted by the Federal Aviation Administration Authorization Act ("FAAAA"). *Id.* at 3-5. Second, addressing Plaintiff's claims against Universal, the Court initially found Plaintiff failed to meet basic pleading standards as the complaint "[did] not state how Universal is connected to the accident, or how or why Universal was responsible for" any action of "the other parties connected to the accident." *Id.* at 6. The Court also held even if the pleading standards were met, the claims against Universal still failed because (1) the claims were preempted for the same reasons the claims against the P.A.M. Defendants were preempted; and (2) any vicarious liability claim based on the P.A.M. Defendants' actions would similarly be barred by the underlying preemption. *Id.* at 7. Finally, the Court found that to the extent Plaintiff asserted a negligent hiring claim, the complaint failed to state a claim for relief. *Id.* at 7-8.

Prior to any final judgment in this case, on May 14, 2026, the United States Supreme Court held the FAAAA safety exception saves negligent selection claims against a freight broker from preemption and as a result, those claims are not preempted. *See Montgomery v. Caribe Transport II, LLC*, 608 U.S. 219 (2026). Plaintiff now moves for reconsideration of this Court's prior Order and for leave to file a Second Amended Complaint.

2. In the same Order, the Court granted Motions to Dismiss by Defendants Matthew Moroun and CenTra, Inc. *See id.* Plaintiff notes her proposed Second Amended Complaint does not replead her claims against these Defendants but indicates she wishes to preserve the right to appeal the Court's prior dismissal thereof upon entry of final judgment. *See* Doc. 142, at 1 n.2.

## STANDARD OF REVIEW

Motion for Leave to Amend

Under Rule 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits") (quoting *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987)). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Motion for Reconsideration

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 952 (6th Cir. 2004); *see also* Fed R. Civ. P. 54(b). Such motions for reconsideration should only be granted where the movant demonstrates "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

## DISCUSSION

The dispute between Plaintiff and Universal over the present Motions raises two questions: first, whether the Supreme Court's *Montgomery* decision provides a basis for reconsideration of this Court's prior dismissal of the claims against Universal specifically; and second, even if so, whether the proposed Second Amended Complaint sufficiently remedies the deficiencies previously identified and is not futile. For the reasons set forth below, the Court finds both of Plaintiff's Motions well-taken.

Reconsideration

Universal opposes Plaintiff's motion for reconsideration based on *Montgomery* because, it asserts, the Court dismissed the claims against it on a basis independent from preemption: pleading standards. *See* Doc. 149, at 3-5.

Universal is correct that the Court held Plaintiff's negligence claims against it were not well-pled. But the Court also went on to hold that, even if well-pled, any negligence claim against Universal was preempted, and any vicarious liability claim was preempted because it was derivative of the claims against the P.A.M. Defendants, which the Court had held were themselves preempted.

The Court thus agrees with Plaintiff that reconsideration of the preemption determination – as against both the P.A.M. Defendants and Universal – is appropriate given the intervening change in the law resulting from *Montgomery*. If Plaintiff successfully establishes a negligence claim, *Montgomery* dictates such claims are not preempted.

Amendment

That leaves the question of the propriety of amendment.

First, the Court agrees with Plaintiff that her request to amend is not unduly delayed. Although Universal faults Plaintiff for not proposing an amended pleading prior to or at the time of dismissal (Doc. 149, at 6-7), Plaintiff correctly notes that Universal did not expressly move to dismiss Plaintiff's Complaint on pleading adequacy grounds (Doc. 150, at 5-6). Rather, Universal argued the claims against it were derivative of those against the P.A.M. Defendants and preempted for the same reasons offered by those Defendants. *See* Docs. 42, 42-1 (Universal's Motion to Dismiss and Memorandum in Support). Following this Court's Order, and because the Court had explicitly ruled Plaintiff's negligence and vicarious liability claims against Universal were preempted even if adequately pled, Plaintiff had no basis to move to reconsider or amend based on the Court's pleading deficiency ruling prior to *Montgomery*.

Second, Universal argues the Amendment is futile as to the claims against it. (Doc. 149, at 7-11). The Court disagrees and finds Universal has not established the proposed Second Amended Complaint would be futile.

Finally, both parties present – only in footnotes – arguments about whether the newly-added joint venture claim in the proposed Second Amended Complaint is timely. *See* Doc. 149, at 6 n.1; Doc. 150, at 9-10 n.9. Because this argument is presented as an aside, the Court offers no opinion on this dispute at the current juncture. Universal remains free to raise it in response to the filing of Plaintiff's Second Amended Complaint.

Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 142) is granted.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Reconsideration (Doc. 141) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 142) be, and the same hereby is, GRANTED. Plaintiff shall separately file the Second Amended Complaint on the docket forthwith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 26, 2026